10-1088-ag
Weng v. Holder

BIA
A076 708 419

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of February, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

QI FENG WENG,
> *Petitioner,*

v.                                        10-1088-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Peter L. Quan, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Ethan B. Kanter, Senior Litigation Counsel; John M. McAdams, Jr., Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Qi Feng Weng, a native and citizen of the People's Republic of China ("China"), seeks review of a March 15, 2010, decision of the BIA denying his motion to reopen. *In re Qi Feng Weng,* No. A076 708 419 (B.I.A. Mar. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We review for substantial evidence the BIA's evaluation of country conditions evidence submitted with a motion to reopen. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

It is beyond dispute that Weng's motion to reopen was untimely, as it was filed almost six years after the agency's order of removal became final. *See* 8 C.F.R. § 1003.2(c)(2). Although this time limitation does not apply to a motion to reopen asylum proceedings that is "based on changed circumstances arising in the country of

nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii), the BIA reasonably determined that Weng failed to demonstrate changed conditions in China.

Contrary to Weng's argument, there is no indication that the BIA ignored any evidence he submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). In fact, the BIA explicitly referred to Weng's evidence in its decision.

As for the finding on country conditions, the BIA agreed with Weng that Falun Gong practitioners in China endure "severe repression." However, based on the materials in evidence, the BIA reasonably found that this repression has existed since Falun Gong was outlawed in China in 1999, and has not changed since Weng's order of removal became final in 2004. Thus, the BIA reasonably found that Weng had failed to demonstrate changed country conditions as required to overcome the time limitation on motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

3

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk